**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON**

**JENNIFER LYNN QUINTAL,**

     **Plaintiff,**

**v.**                         **Civil Action No. 3:15-cv-15397**

**NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,**

     **Defendant.**

## <u>MEMORANDUM OPINION</u>

Pending before this Court is Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 12) and Brief in Support of Defendant's Decision (ECF No. 13).  This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's applications for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act.  The parties consented to the undersigned United States Magistrate Judge ordering the entry of final judgement.

<u>Background</u>

Claimant, Jennifer L. Quintal, filed an application for DIB on January 11, 2011, and for SSI on January 25, 2011.  Claimant alleged disability beginning August 9, 2009.  Claimant's applications were denied initially on May 17, 2011, and upon reconsideration on August 18, 2011.  On October 12, 2011, Claimant requested a hearing.  On September 11, 2012, a hearing was held before and Administrative Law Judge (ALJ) in Huntington, West Virginia.  The ALJ denied Claimant's claims by decision dated November 19, 2012. Claimant filed a request for review by the Appeals Council (AC) on January 22, 2013.  On March 26, 2014, the AC remanded this case

for further proceedings.[1]  Pursuant to the AC's remand order, a video hearing was conducted on June 24, 2014. Claimant appeared in Huntington, West Virginia, with the ALJ presiding over the hearing from Mars, Pennsylvania.  On July 14, 2014, the ALJ denied Claimant's claims.  On September 16, 2014, Claimant filed a request for review by the AC.  On October 15, 2015, the AC denied Claimant's request.  Thereafter, Claimant filed the present action.

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. §§ 404.1520, 416.920 (2016).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  *Id.* §§ 404.1520(a), 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  *Id.* §§ 404.1520(b), 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.* §§ 404.1520(c), 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id.* §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits.  *Id.*  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  *Id.* §§ 404.1520(e), 416.920(e).  By satisfying inquiry four, the claimant establishes a *prima facie* case

---

[1] In the remand order, the AC directed the ALJ to: evaluate Claimant's obesity; further evaluate Claimant's mental impairments; give further consideration to Claimant's maximum residual functional capacity and provide appropriate rational with specific references to evidence of record; and obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Claimant's occupational base (Tr. at 10).

of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2016). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity during the period from alleged onset date of August 9, 2009, through her date last insured of March 31, 2016 (Tr. at 13). Under the second inquiry, the ALJ found that Claimant suffers from the following severe impairments: obesity, diabetes mellitus, diabetic neuropathy, left supraspinatus tendinopathy and impingent; left trapezius strain; moderate to severe right carpal tunnel syndrome, status-post carpal tunnel release surgery; moderate left carpal tunnel syndrome, status-post carpal tunnel release surgery; chondromalacia of the left knee status/post surgery, bipolar disorder; anxiety disorder; and personality disorder. (*Id.*) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 15). The ALJ then found that Claimant has the residual functional capacity (RFC) to perform light work[2] (Tr. at 17).

---

[2] Claimant can lift, carry, push and pull to 20 pounds occasionally and 10 pounds frequently; can stand/walk four hours out of eight hour workday; can frequently handle, finger and feel; cannot climb ladders, ropes or scaffolds, kneel or crawl; can occasionally balance, stoop, kneel, crouch or crawl; cannot tolerate concentrated exposure to vibrations or hazards such as unprotected heights or dangerous machinery; cannot reach overhead with her left upper extremity; can understand, remember and carryout unskilled work at SVP2 level; can make simple work decisions; can tolerate occasional changes in typical workplace; can occasionally interact with supervisors and co-workers but cannot work in tandem with co-workers; cannot interact with the public (Tr. at 17).

The ALJ held that Claimant is unable to perform any past relevant work (Tr. at 26).  The ALJ relied on the vocational expert's (VE) testimony and held that Claimant could perform the positions of price marker and routine clerk at the light level and inspector and sorter at the sedentary level (Tr. at 27).  On this basis, benefits were denied. (*Id.*)

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)).  Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations or substitute its judgment for that of the Commissioner.  *Id.*  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)."  *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

## Claimant's Background

Claimant was born on July 11, 1974.  She is divorced and lives in an apartment with her son.  Her daughter lives across the street (Tr. at 74).  On the date of the hearing, Claimant was 5 foot 2 inches tall and weighed 245 pounds (Tr. at 50).  Claimant graduated from high school (Tr. at 109).  She has been taking online classes in accounting, off and on, towards a bachelor's degree since the 1990s (Tr. at 106).  Claimant has taken a computer training course and has earned a medical office worker certificate (Tr. at 110).   Claimant has a driver's license (Tr. at 107).

## The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

## Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the ALJ failed to properly determine Claimant's credibility and give proper weight to the opinions and findings of Claimant's treating sources and other medical sources (ECF No. 12).  Claimant argues that the ALJ failed to fairly evaluate the impact of Claimant's obesity pursuant to Social Security Ruling 02-1p as directed by the Appeals Council. Defendant asserts that the ALJ's RFC of Claimant accounted for the limitations supported by the record (ECF No. 13).  Defendant avers that substantial evidence supports the ALJ's credibility determination.   Additionally, Defendant asserts that the ALJ properly evaluated the medical opinions of record and properly considered Claimant's obesity.  (*Id.*)

<u>Medical Opinions</u>

The ALJ weighed several medical and psychiatric opinions on the record. Relevant to this order for remand are the opinions of consulting physicians Rakesh Wahi, M.D., and Porfirio R. Pascasio, Sr., M.D.. The ALJ held the following regarding consultative examiner, Dr. Wahi:

> Dr. Wahi Rakesh [sic], a consultative examiner, opined in August 2011 that the claimant was unable to function normally because of her severe depression (Exhibit 14F). The undersigned gives little weight to the above opinion. The consultative examiner specializes in general surgery and cardiothoracic surgery (Exhibit 21F). There is no indication he was qualified to assess the claimant's mental capacity (Exhibit 14F). Notably, the consultative examiner found minimal physical objective findings. (*Id.*) (Tr. at 25).

The ALJ held the following regarding non-examining consultant Porfirio R. Pascasio, Sr., M.D.:

> Dr. Pascasio opined in August 16, 2011, that the claimant is able to perform medium work (Exhibit 16F). The undersigned gives great weight to this opinion even though Dr. Pascasio did not have the benefit of the subsequently submitted medical records. Accordingly, the undersigned gives more restrictions as set forth below (Tr. at 24).

Upon review, Dr. Pascasio's Physical Residual Functional Capacity Assessment cites to Dr. Wahi's consultative review of Claimant on August 4, 2011 (Tr. at 682-686). Dr. Pascio's summary of Dr. Wahi's review is as follows:

> 8/4/11 Rakesh Wahi, M.D.: The claimant suffers from significant depression and bipolar disorder, which appears to be requiring treatment with two antipsychotic medications, lithium and buspirone. With these medications, the claimant appears to be able to give a good history and appears to have a reasonable mental attitude. In additions, she suffers from severe diabetes, which is accompanied by the presence of multiple abscesses including repeated episodes of hidradenitis suppertiva involving her groin and underarm area. Until recently, despite these problems, the claimant was able to function normally in work. Currently, she is unable to function normally because of her severe depression.

6

Below the summary of Dr. Wahi's evaluation, Dr. Pascasio stated "I agree with the above statements--- PRP" (Tr. at 693).

Discussion

The Fourth Circuit has held that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

In weighing a medical opinion, an ALJ will consider the examining relationship; the treatment relationship, including the length of treatment, the frequency of examination and the nature and extent of the treatment relationship; the relevant evidence, including medical signs and laboratory findings, supporting the opinion; the consistency of an opinion with the record as whole; the specialization of the treating physician; and any other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6) and 416.927(c)(1)-(6). An ALJ does not need to address each individual factor in making his decision, but should sufficiently demonstrate

7

his analysis of the relevant evidence. See *Pinson v. McMahon*, Civil Action No. 3:07-1056-PMD-JRM, 2009 WL 763553, at *10 (D.S.C. Mar. 19, 2009).

Social Security Ruling 96-6p provides that findings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the ALJ and Appeals Council levels of administrative review. ALJs and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions. The regulations provide "progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." For example, SSR 96-6p states that opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources.

In the present matter, the ALJ only gave one medical opinion "great weight," and that was Dr. Pascacio. The ALJ minimally, and incorrectly, explained the weight given by stating that Dr. Pascasio's opinion is "that the claimant is able to perform medium work (Exhibit 16F)" (Tr. at 24). However, Dr. Pascasio's opinion agreed with the opinion of Dr. Wahi who opined that Claimant "is unable to function normally because of her severe depression" (Tr. at 685). Dr. Pascasio's Physical RFC Assessment is entered into evidence as Exhibit 15F, not 16F.

Thus, SSR 96-6p concludes that the opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as (1) the supportability

of the opinion in light of the evidence in the record; (2) consistency with the record, including other medical opinions; (3) and any explanation for the opinion. *Id*.

Social Security Ruling 96-7p confirms that ALJs and the Appeals Council are required to consider findings of fact by state agency medical and psychological consultants and other program physicians and psychologists about the existence and severity of an individual's impairment(s), including the existence and severity of any symptoms. *See* 65 Fed. Reg. 11,866 (Mar. 7, 2000). While ALJs and the Appeals Council are not bound by any state agency findings, they may not ignore these opinions and must explain the weight they give to the opinions in their decisions. *Id* Further, "[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, non-treating sources, and other non-examining sources who do not work for us." (*Id.*)  Examples of the kinds of factors that an administrative law judge must consider when evaluating the findings of State agency medical and psychological consultants are provided in paragraph (c)[3] of §§ 404.1527 and 416.927.

In the present case, the ALJ did not explain the great weight she gave Dr. Pascasio's opinion. The ALJ's finding of what Dr. Pascasio opined is different than what is reflected in Dr. Pascasio's Physical RFC Assessment of Claimant.  Accordingly, the weight given to medical and psychiatric opinions in the ALJ's decision is not supported by substantial evidence and precludes meaningful review.

---

[3] Unless a treating source's opinion is given controlling weight, all of the following factors will be considered in deciding the weight given to any medical opinion: (1) Examining relationship; (2) Treatment relationship; (3) Supportability; (4) Consistency; (5) Specialization; and (6) Other factors.  20 C.F.R. 416.927(c).

<u>Conclusion</u>

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate.  *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ").  In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling.  "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'"  *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

All other issues will not be discussed at this time due to the recommendation to remand for reconsideration of the record of evidence as a whole.

<u>Conclusion</u>

For the reasons provided above, the undersigned finds that the ALJ's lack of explanation for the weight afforded to the consulting opinion of Dr. Pascasio and the ALJ's incorrect finding of Dr. Pascasio's opinion on Claimant's ability to function normally renders the ALJ's analysis incomplete and precludes meaningful review.  Therefore, this Court finds that the ALJ's decision is not supported by substantial evidence.  Accordingly, by Judgment Order entered this day, Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 12) is **GRANTED** to the

10

extend Claimant seeks remand, the Brief in Support of Judgment on the Pleadings (ECF No. 13) is **DENIED**, the final decision of the Commissioner is **REMANDED** for further proceeding pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from this Court's docket.

The Clerk of this Court is directed to provide copies of this Order to all counsel of record.

Enter:  March 31, 2017.

Dwane L. Tinsley
United States Magistrate Judge